Sherman v. Luckhardt.

ADRIAN F. SHERMAN, *as Trustee, etc.*, v. M. M. LUCKHARDT.

**No. 12,643.**   (74 Pac. 277.)

SYLLABUS BY THE COURT.

BANKRUPTCY—*Preference of Creditors—Case Overruled.* A conveyance of non-exempt property by a bankrupt to one of his creditors within four months prior to the filing of a petition in bankruptcy by or against him, made with the intent and purpose on the part of the bankrupt alone to hinder, delay or defraud his creditors, is prohibited by clause *e* of section 67 of the national bankrupt act (30 U. S. Stat. at L., ch. 541), and such conveyance may be avoided by the trustee appointed in the bankruptcy proceedings. (*Sherman v. Luckhardt*, 65 Kan. 610, 70 Pac. 702, overruled.)

Error from Morris district court; O. L. MOORE, judge. Opinion filed November 7, 1903. Reversed.

*Rossington, Smith & Histed, George E. Stoker*, and *Adrian F. Sherman*, for plaintiff in error.

*J. B. Furry, Eugene Hagan*, and *A. F. Williams*, for defendant in error.

The opinion of the court was delivered by

POLLOCK, J.: This case is before us upon rehearing. It has again been fully briefed and argued. The facts will be found stated in the former opinion of this court, 65 Kan. 610, 70 Pac. 702. The law there declared reads:

"A preferential payment by a debtor to one of his creditors, within four months prior to the former's bankruptcy, is not void under clause *b*, section 60, and clause *e*, section 67 (30 U. S. Stat. at L., ch. 541), of the bankruptcy act of 1898, though made with a fraudulent intent on the debtor's part, if it be accepted by the creditor without knowledge of such intent and without knowledge that a preference was intended."

The question is, Shall that decision now be upheld or overruled ?   Prior to the passage of the national bankrupt act of 1898 ( 30. U. S. Stat. at L., ch. 541 ), in this and other jurisdictions the estate of an insolvent debtor was often swept away in an unequal division among his creditors, leaving unsatisfied demands to harass and annoy the debtor.   The intent of the law-making power in the passage of this act was twofold : (1) The  protection and discharge from liability of the bankrupt ; (2) the equal distribution of his non-exempt property among his creditors in proportion to their provable demands.   ( *Swarts v. Fourth Nat. Bank,* 117 Fed. 1, 54 C. C. A. 387 ; *In re Gutwillig,* 92 Fed. 337, 34 C. C. A. 377.)   One of the methods employed by the insolvent debtor to effect an unequal distribu-tion of his estate among his creditors before the pas-sage of this act was, without any fraudulent intent on his part, to prefer one or more of his creditors over others.   Another method was to transfer a portion or all of his property to one or more of his creditors to the exclusion of all others, with the intent on his part to hinder, delay and defraud his other creditors. In the case first mentioned the transfer was without fraud, therefore valid.   In the second case, the trans-fer having been made without any guilty knowledge on the part of, or participation in the fraudulent act of the debtor by, the creditor, the transfer was upheld as valid.   To remedy this, among other existing evils, the act was passed.

In the case at bar it was found by the court from the evidence, as follows :

"8.  That the said William Luckhardt, in causing the above-described real estate to be conveyed to this defendant, intended thereby to prefer this defendant over his other creditors.

"9. That the said William Luckhardt, in causing the above-described real estate to be deeded to this defendant, intended thereby to hinder, delay and defraud his other creditors.

"10. That the said defendant was not a purchaser of said real estate in good faith and for a present fair consideration."

"12. That upon the trial of this action the counsel for plaintiff admitted that the said William Luckhardt, at the time he caused to be conveyed to the defendant the real estate herein above described, the said William Luckhardt was indebted to the said defendant in the sum of $1500, and that it was further admitted that the said defendant, M. M. Luckhardt, at the time she received and accepted the conveyance of said premises to herself, had no knowledge of the insolvency of her husband, William Luckhardt, nor of his intention or purpose to defraud, hinder or delay his creditors in the collection of their debts by means of said conveyance to her of said real estate; that the defendant had no knowledge of the plaintiff's intention to make her a preferred creditor; and that the reasonable value of the real estate conveyed to her was $1500."

The contention of the parties to this controversy is this: On the one hand, the trustee claims that the conveyance, under finding 10 of the court, is condemned by, and may be avoided under, the provisions of clause e of section 67 of the act which provides:

"That all conveyances, transfers, assignments or incumbrances of his property, or any part thereof, made or given by a person adjudged a bankrupt under the provisions of this act subsequent to the passage of this act and within four months prior to the filing of the petition, with the intent and purpose on his part to hinder, delay or defraud his creditors, or any of them, shall be null and void as against the creditors of such debtor, except as to purchasers in good faith and for a present fair consideration; and all property of the debtor conveyed, transferred, assigned or encumbered as aforesaid shall, if he be ad-

judged a bankrupt, and the same is not exempt from execution and liability for debts by the law of his domicile, be· and remain a part of the assets and estate of the bankrupt and shall pass to his said trustee, whose duty it shall be to recover and reclaim the same by legal proceedings or otherwise for the benefit of the creditors.''

The defendant contends that, under findings 9 and 12 above quoted, ·the conveyance was a preference, and having been received by the creditor without knowledge on her part of the insolvency of the debtor, or his intent to hinder, delay and defraud his other creditors, or to prefer her over other creditors, it must be upheld.   Clause *b* of section 60 of the act, reads :

''If a bankrupt shall have given a preference within four months before the filing of a petition, or after the filing of the petition and before the adjudication, and the person receiving it, or to be benefited thereby, or his agent acting therein, shall have had reasonable cause to believe that it was intended thereby to give a preference, it shall be voidable by the trustee, and he may recover the property or its value from such person.''

Clause *g* of section 57 reads :

''The claims of creditors who have received preferences shall not be allowed unless such creditors shall surrender their preferences.''

Under these provisions of the act, upon the findings made by the court, and viewed alone in the light of a preference only, we are of the opinion that the contention of defendant would prevail, but the condemnation of the act does not end here.   The clauses quoted from section 57 and section 60 treat only the subject of preferences.   No mention is there made of fraud. The law-making power dealt with the subject of fraud in clause *e* of section 67 of the act, and in language so

plain, concise, exact and unequivocal as to leave no room for doubt or construction, there inhibited all transfers of the property of an insolvent debtor made within four months prior to the institution of bankruptcy proceedings under the act wherein the debtor, with the intent on his part of hindering, delaying or defrauding his creditors, parted with his property regardless of the knowledge of, or participation in, such fraud by the creditor.

This is a case of first instance in this state in construing the above provisions of the act. In other jurisdictions a like view of the act has been reached. (*Friedman v. Verchofsky*, 105 Ill. App. 414; *Unmack, Receiver, v. Douglass* 75 Conn. 633, 55 Atl. 12.) There are cases holding a contrary view. (*Congleton v. Schreihofer*, [N. J. Ch.] 54 Atl. 144; *Gamble, Appellant, v. Elkin*, 205 Pa. St. 226, 54 Atl. 782.) However, the reasoning employed in these cases, contrary to the view expressed in this opinion, does not commend itself to our judgment or meet our approval. Such a construction of the act would nullify one of its most important and beneficial provisions, and in so far as the act deals with fraudulent transfers of the property of an insolvent debtor the law would remain the same as before the passage of the act, and this, notwithstanding the act prohibits all conveyances, transfers, assignments or incumbrances of the property of the insolvent debtor within four months prior to the filing of the petition in bankruptcy with the intent and purpose on his part to hinder, delay or defraud his creditors or any of them, "except as to purchasers in good faith and for a present fair consideration," in which case the estate of the bankrupt to be distributed is not diminished, and also notwith-

Dillon v. Railroad Co.

standing the fact that the act itself avoids all transfers which might be avoided under existing state laws.

It follows, upon the findings made by the trial court, that the trustee is entitled to judgment in his favor setting aside the conveyance made.   Therefore, the former opinion of this court, 65 Kan. 610, 70 Pac. 702, must be overruled, the judgment below reversed, and the cause remanded with direction to enter judgment in favor of the trustee.

CUNNINGHAM, BURCH, MASON JJ. concurring.

JOHNSTON, C. J., SMITH, GREENE, JJ., dissent from the reasoning and conclusion of this opinion for the reasons stated in the majority opinion on the original hearing.