A. S. KINGSBURY, *as Trustee, etc.*, v. FIRST NATIONAL BANK OF SMITH CENTER, KANSAS.

No. 14,163. (81 Pac. 187.)

SYLLABUS BY THE COURT.

INSOLVENCY—*Preferred Creditor*. The mere fact that an insolvent debtor pays one creditor in full is not of itself evidence of an intention on his part to hinder, delay or defraud other creditors, within the meaning of clause *e* of section 67 of the national bankruptcy act of 1898, providing for the avoidance of transfers made with such purpose.

Error from Smith district court; RICHARD M. PICK-LER, judge. Opinion filed June 10, 1905. Affirmed.

*Mahin & Mahin,* and *Karnes, New & Krauthoff,* for plaintiff in error.

*L. C. Uhl,* and *D. M. Relihan,* for defendant in error.

The opinion of the court was delivered by

MASON, J.: A. S. Kingsbury, as trustee in bankruptcy of the estate of Gus Wittelshofer, brought an action against the First National Bank of Smith Center to recover the amount of a payment made by Wittelshofer to the bank in satisfaction of a preexisting

debt, less than four months prior to the filing of the petition in bankruptcy against him. A demurrer to the plaintiff's evidence was sustained, and he prosecutes error. The payment was attacked upon two grounds: (1) That the bank had reasonable cause to believe that Wittelshofer intended thereby to give it a preference; (2) that the payment was made with the intent and purpose on the part of Wittelshofer to hinder, delay or defraud his other creditors, or a part of them. It is conceded that the evidence failed to sustain the first of these grounds, and it remains only to determine whether this is also true as to the second.

Plaintiff in error invokes the doctrine of *Sherman v. Luckhardt,* 67 Kan. 682, 74 Pac. 277, that it is sufficient to show a fraudulent purpose on the part of the bankrupt alone, without bringing knowledge of it home to the bank. This proposition is not disputed by the defendant in error, and as there is no substantial conflict in the testimony the inquiry is merely whether the facts of the case warranted an inference that Wittelshofer intended by the payment of his debt to the bank to hinder, delay or defraud his other creditors. Briefly summarized, they were as follow: Wittelshofer was a merchant at Smith Center. His stock was worth from $6000 to $8000. He owned no other property. He owed the bank a debt of $4568, which was past due, and he owed other debts, some of them for merchandise, amounting to $5832. He sold his entire stock of goods for $6218, receiving in payment a check on the defendant bank for that amount. He took the check to the bank and presented it for payment. The cashier mentioned that he was owing the bank, and asked if he should take the amount out of the check. Wittelshofer asked if he might not pay half of his debt then and let the remainder stand. The cashier refused to accede to this, and retained the entire amount of the bank's claim, paying in cash the difference, $1650. Wittelshofer spent all this amount

excepting about $500, which he turned over to his trustee in bankruptcy. There is nothing in these circumstances to warrant an inference that Wittelshofer, in paying the bank, intended to hinder, delay or defraud his other creditors, unless any preferential payment by an insolvent can be deemed evidence of a purpose to hinder or delay creditors because its necessary consequence is to reduce the estate to which they must look for payment. Such inference, however, is not permissible. The expression "with intent to hinder, delay or defraud" creditors is used in the bankruptcy act with the meaning given to it in statutes declaratory of the common law against fraudulent conveyances. (*Githens v. Shiffler*, 112 Fed. 505; 5 Cyc. 288.) Under such statutes the mere fact that an insolvent debtor pays one creditor in full raises no presumption of an intention on his part to hinder, delay or defraud the others.

"A failing or insolvent debtor, unrestrained by statute, may prefer and pay one or more of his creditors, and such conveyance will be upheld if the debt thus satisfied is *bona fide*, its amount not materially less than the fair and reasonable value of the property conveyed, and the payment of the debt is the sole consideration, and no use or benefit is secured or reserved to the debtor. In such case the inquiry should be directed to the *bona fides* of the debt, the sufficiency of the consideration, and the reservation of a benefit to the debtor. If the transaction is not assailable on some one of these grounds, fraud has no room for operation, and this though the effect of the preference is the hindrance and delay of all the other creditors of the debtor, or the deprivation of all possibility of their payment from his present assets." (14 A. & E. Encycl. of L. 226.)

"Inconvenience to creditors may result from a conveyance that is fair as well as from one that is fraudulent, for every disposition of a debtor's property, however valuable the consideration and honest the motive, diminishes the fund out of which payment of his liabilities can be enforced. Hence the validity of the con-

veyance is to be determined not by its effect, but by
the intention with which it is made." (14 A. & E.
Encycl. of L. 266.)

If the present case were otherwise doubtful the
manner in which the payment was made by Wittel-
shofer to the bank would go far to support the conclu-
sion reached by the trial court.

The judgment is affirmed.

All the Justices concurring.