WILLIAM M. DEDRICK, *as Trustee in Bankruptcy, etc.*, v. THE FARMERS BANK OF STAFFORD *et al.*

No. 14,875    (88 Pac. 883.)

SYLLABUS BY THE COURT.

JUDGMENTS—*Res Judicata—Intent of Bankrupt in Disposing of Property.* The United States district court for the district of Kansas, in proceedings regularly had under the national bankruptcy act, duly adjudged J. H. Shirfey to be a bankrupt, upon the ground that he had within four months prior to the commencement of such proceedings mortgaged his entire property with the intent to hinder, delay and defraud his creditors. Afterward the trustee appointed for the estate of such bankrupt commenced a suit to set aside the mortgage

so given and recover the property covered thereby or its value. *Held*, that in such suit the adjudication of bankruptcy was conclusive against the mortgagees as to the intent of the mortgagor, and that evidence of their own good faith in the transaction was immaterial, even though they were not parties to the bankruptcy proceedings.

Error from Stafford district court; JERMAIN W. BRINCKERHOFF, judge. Opinion filed February 9, 1907. Reversed.

*Fairchild & Lewis,* for plaintiff in error.

*C. G. Webb,* and *Prigg & Williams,* for defendants in error.

The opinion of the court was delivered by

GRAVES, J.: This is a suit to recover property or the value thereof alleged to have been mortgaged in violation of the United States bankruptcy law. The defendants recovered judgment for costs, and the plaintiff brings the case here for review.

The mortgagor, J. H. Shirfey, was on and prior to December 11, 1902, engaged in the mercantile business at Stafford, in Stafford county. On that date he executed a chattel mortgage upon his entire stock of goods to J. P. H. Dykes and J. N. Rose, who in consideration thereof agreed to satisfy a debt due from the mortgagor to the Farmers Bank of Stafford, for which they were sureties.

At the time this mortgage was given the mortgagor was indebted to other parties, some of whom joined in a petition to the district court of the United States to have the mortgagor adjudged to be a bankrupt. The execution of the mortgage above mentioned constituted the act of bankruptcy charged against the bankrupt in the petition. The averments of the petition were in substance that the mortgage was given by the mortgagor with the intent to hinder, delay and defraud his creditors, all of which was well known to the mortgagees when the mortgage was taken.

Upon this application the mortgagor was adjudged to be a bankrupt, January 10, 1903. Afterward the plaintiff was duly appointed trustee of the estate of the bankrupt, and as such commenced this suit in the district court of Stafford county to cancel the mortgage and recover the value of the mortgaged property from the defendants. The petition contained the usual and proper recitals, and stated fully the proceedings had in the court of bankruptcy, and also alleged that the effect of the act of bankruptcy complained of was to prefer the mortgagees over other creditors.

On the trial the plaintiff introduced in evidence the proceedings and adjudication in bankruptcy, and rested. The defendants were then permitted to show that they received the mortgage in good faith, without any knowledge or notice of the insolvency of the mortgagor or of his fraudulent purpose or his intent to give them a preference over other creditors. This was error. An adjudication of bankruptcy upon the ground that the bankrupt sold or encumbered his property with intent to hinder, delay and defraud his creditors is conclusive. (*Sherman v. Luckhardt,* 67 Kan. 682, 74 Pac. 277.)

This is conceded to be the law of this state, but the admission of the evidence is justified upon the ground that the petition in the court of bankruptcy alleged two acts of bankruptcy against the bankrupt, the first being a violation of clause "e" of section 67 and the other of clause "b" of section 60 of the national bankruptcy act (3 U. S. Comp. Stat. 1901, pp. 3449, 3445), and that as the decree of the court does not specify the ground upon which the adjudication was placed it is not conclusive against these defendants, who were not parties thereto. However, after a careful examination of that petition we are unable to find more than one act of bankruptcy alleged therein, and that is the one first above mentioned. What is stated concerning a preference does not constitute a violation of the bankruptcy act, and evidently was not intended by the

pleader to charge an act of bankruptcy under clause "b" of section 60, and the court could not have regarded the petition as containing more than the one charge. It follows, therefore, that the evidence presented concerning the good faith of the defendants was immaterial, and was erroneously admitted. The judgment of the district court must have been founded wholly upon this evidence, and it is also erroneous.

The judgment is reversed, with direction to enter judgment for the plaintiff in such sum as the evidence shows the mortgaged property to be worth.