## HURLEY et al. v. DEVLIN.

### (District Court, D. Kansas, First Division. April 1, 1907.)

### No. 953.

1. BANKRUPTCY—STATUTES—POWER OF CONGRESS.

Under Const. U. S. § 8, conferring on Congress the power of enacting uniform laws on the subject of bankruptcy throughout the United States, Congress has supreme power, untrammeled by state laws, to pass such laws for the division of a bankrupt's property between the bankrupt, his family, and his creditors as it deems proper.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, §§ 1–8.]

2. SAME—DOWER—WHAT LAW GOVERNS.

Where a bankrupt dies pending the administration of his estate in bankruptcy, the widow's dower right and her right to an allowance for herself and children is governed by the bankrupt act, and not by the laws of the particular state in which the property is situated, except so far as such laws are adopted and preserved by the bankrupt act.

3. SAME—COURTS—JURISDICTION.

Bankr. Act 1898, § 6, provides that the act shall not affect the allowance to bankrupts of the exemptions which are prescribed by the state laws in force at the time of filing the petition in the state wherein they may have had their domicile for the greater portion of six months immediately preceding the filing of the petition. Section 8 declares that the death of the bankrupt shall not abate the proceedings, but that the widow and children shall be entitled to all rights of dower fixed by the laws of the state of the bankrupt's residence. Section 70, subd. "a," provides that the bankrupt's trustee shall be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt, except as to property which is exempt, of all the bankrupt's property specially described, and section 47a, cl. 11 (Act July 1, 1898, c. 541, 30 Stat. 548, 565, 557 [U. S. Comp. St. 1901, pp. 3424, 3451, 3438]), requires the trustee to set apart the bankrupt's exemption and report the items and estimated value thereof to the court. Held that, where a bankrupt died pending bankruptcy proceedings seised of realty in various states, the

'bankruptcy court of the bankrupt's residence had exclusive jurisdiction after his death to determine the right of the widow to dower in such land.

## On Motion to Vacate Restraining Order.

See 149 Fed. 268.

On the 7th day of July, 1905, Chas. J. Devlin, a citizen and resident of this state, on his voluntary petition was adjudged a bankrupt, and the complaining trustees were appointed and qualified as receivers of his estate and took possession of all the property of said estate. Thereafter, the receivers so appointed were by the creditors of the estate duly elected, qualified, and now are acting as trustees in bankruptcy of said estate, and have at all times since their appointment and qualification been and remained in the actual possession of all the real estate and property of the bankrupt, wherever situate. After the adjudication in bankruptcy, and on the 1st day of November, 1905, the bankrupt, Chas. J. Devlin, died intestate, leaving the defendant herein, Mary A. J. Devlin, as his widow. A very large and valuable portion of the estate of the bankrupt which came into the possession of the receivers, and from the hands of the receivers into possession of the trustees on their election and qualification, consisted of real estate in various counties in the states of Illinois and Missouri, which real estate stood in the name of the bankrupt at the date of the adjudication and at the time of his death. Thereafter, and on the 23d day of October, 1906, defendant herein, the widow of the bankrupt, without application to this court, or its trustees in bankruptcy, in any manner, claiming the right of dower in all of said lands lying in the state of Illinois, did exhibit to the circuit court of Franklin county, Ill., her bill of complaint against the trustees of her husband's estate in bankruptcy, certain creditors of said estate, and others, praying a decree of the court admeasuring and allowing to her dower in all of said lands in the state of Illinois, and the adjustment of the rights of all lienholders thereon made parties to said suit; and further did, without application to this court or its trustees in bankruptcy, on the 15th day of November, 1906, exhibit in the circuit court of Jackson county, Mo., her bill of complaint against complaining trustees herein and others, praying the admeasurement and allowance of dower in all the lands standing in the name of her deceased husband lying in the state of Missouri. Thereafter, and on the 21st day of November, 1906, the trustees in bankruptcy commenced this ancillary proceeding in this court praying an order and decree of this court in the protection of its jurisdiction in the bankruptcy proceedings, enjoining and restraining the defendant widow from further prosecuting said suits in the state courts of Illinois and Missouri, brought by her for the purpose of having set off and allotted to her dower in said lands. And on application made, this court did, on the same day, grant an order restraining defendant from further proceeding with said suits in said state courts until further order of this court. Thereafter, on January 5, 1907, defendant filed herein her motion to set aside and dissolve said restraining order on the ground that this court has no jurisdiction to hear or determine her right to dower in said lands lying outside the territorial limits of this state, and in said states of Illinois and Missouri, and that the state courts, to which defendant has applied in the assertion of her right to dower, have full, complete, exclusive jurisdiction to determine such right, notwithstanding the pendency of the bankrupt proceedings in this court and the actual possession of the real estate involved is in the custody of this court through its trustees. This motion has been fully presented in argument and submitted for decision.

Harkless, Crysler & Histed and D. R. Hite, for the motion.
J. S. Dean and A. A. Hurd, opposed.

POLLOCK, District Judge (after stating the facts). In view of the facts as above stated, the precise question raised for decision is this: Does this court of bankruptcy have exclusive jurisdiction and

power to determine the right of the widow to be endowed out of the lands of her bankrupt husband of which he died seised, and which lands came into the possession of this court through its receivers and trustees prior to the death of her husband? Or do, the state courts of the states in which the lands are situate, and in which the suits were instituted, possess jurisdiction, either exclusive or concurrent with this court of bankruptcy, to determine the rights of dower asserted by the widow? If the first question be answered in the affirmative, the motion must be overruled. If the latter position be sustained, as the suits were first instituted in such courts, the motion presented must be sustained and the restraining order entered be vacated.

Before passing to a consideration of the precise question involved in this controversy, it may be well to advert to a few general principles of the law, and to state some of the fundamental propositions underlying the rights of the respective parties to this litigation. First, it may be observed, as has been so often announced by the courts, that the federal Constitution and the acts of Congress passed in pursuance of the power it confers are the supreme law of this country, binding alike on all persons, all courts, and the Legislatures of the several states. By section 8 of the Constitution the people of this nation, in their individual, and the several states in their sovereign, capacities, conferred upon the Congress of the United States the express power to enact "uniform laws on the subject of bankruptcy throughout the United States," and in pursuance of the power thus conferred the national bankrupt law was enacted. The object and purpose of Congress as portrayed by this act was to take in charge the property of insolvent debtors who had committed acts of bankruptcy, through proceedings had in the bankruptcy courts, divide this property between the bankrupt, his wife and children, if any, on the one hand, and his creditors on the other, in proportion to their provable demands, and grant a discharge to the bankrupt debtor from further liability for his debts in so far as the bankrupt act grants a discharge. In re Gutwillig, 92 Fed. 337, 34 C. C. A. 377; Swarts v. Fourth Nat. Bank, 117 Fed. 1, 54 C. C. A. 387; In re McKenzie (D. C.) 15 Am. Bankr. Rep. 679, 132 Fed. 114; Sherman v. Luckhardt, 67 Kan. 682, 74 Pac. 277. In the exercise of this supreme power Congress acts untrammeled by any state laws, whether organic or statutory, and it was within the power of Congress to preserve to the bankrupt debtor, his wife and children, just such rights in the bankrupt estate as are by the terms of the act provided, or, in the exercise of such power, to have cut off and destroyed all such claims and exemptions, and all others, leaving all the estate to the creditors and nothing to the bankrupt or his family, as Congress in its wisdom might deem proper. It therefore becomes material to inquire what provision the act makes for the benefit of the bankrupt and his family, for, of necessity, the provision made in their behalf found in the act, and no other, must govern and control.

Section 6 of the act (Act July 1, 1898, c. 541, 30 Stat. 548 [U. S. Comp. St. 1901, p. 3424]), makes provision out of the bankrupt estate for the benefit of the bankrupt in the following language:

"This act shall not affect the allowance to bankrupts of the exemptions which are prescribed by the state laws in force at the time of the filing of the

petition in the state wherein they have had their domicile for the six months or the greater portion thereof immediately preceding the filing of the petition."

Section 8 of the act provides against the abatement of the bankrupt proceedings in case of the death or insanity of the bankrupt, and makes provision for the widow and children, if any, of the bankrupt, in case of his death during the pendency of the proceedings, in the following language:

"The death or insanity of a bankrupt shall not abate the proceedings, but the same shall be conducted and concluded in the same manner, so far as possible, as though he had not died or become insane; provided, that in case of death the widow and children shall be entitled to all rights of dower and allowance fixed by the laws of the state of the bankrupt's residence."

Clause "a" of section 70 of the act, in so far as it relates to this present case, provides what property of the bankrupt shall by operation of law vest in the trustees, as follows:

"(a) The trustee of the estate of a bankrupt, upon his appointment and qualification, and his successor or successors, if he shall have one or more, upon his or their appointment and qualification, shall in turn be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt, except in so far as it is to property which is exempt, to all (1) documents relating to his property; (2) interests in patents, patent rights, copyrights, and trade marks; (3) powers which he might have exercised for his own benefit, but not those which he might have exercised for some other person; (4) property transferred by him in fraud of his creditors; (5) property which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him."

Clause 11 of section 47a of the act makes it the duty of the trustees to set apart the exemptions to the bankrupt as made by section 6 of the act, in the following language:

"(11) Set apart the bankrupt's exemptions and report the items and estimated value thereof to the court as soon as practicable after their appointment."

While the act itself nowhere provides in what court or by what procedure the widow's rights to dower and the allowance to the widow and children provided for by section 8 thereof is to be determined and set apart, yet the above-quoted provisions clearly stake out, define, and limit the rights of the widow and the creditors of the deceased bankrupt as represented by the trustees in the bankrupt estate. Hence, it is clear, in whatever court jurisdiction of the controversy resides, the rights of the parties are governed, controlled, and must be measured by the bankrupt act, and not by the laws of the particular state in which the property is situate, except in so far only as such laws are adopted and preserved by the act for the determination of such rights.

As has been seen, this was the state of the residence of the bankrupt before the commencement of the bankruptcy proceedings. For this reason jurisdiction was conferred upon this court by the bankrupt act for the purpose of entertaining the voluntary petition of the debtor to be adjudged a bankrupt, to take possession of his property through its appropriate officers, wherever situate, to conserve the estate, and to determine the rights of the respective creditors, and all others therein,

and through its trustee or trustees to set apart all exemptions to the bankrupt and to pass title to nonexempt property to the purchasers thereof from the trustees in the settlement of the sequestered estate. As has been further seen, before the death of the bankrupt, while the widow's right of courtesy or dower in the lands of her husband remained inchoate, and for that reason afforded her no right of suit or action for its ascertainment and allowance, the trustees of the estate reduced the same to their actual possession, and were proceeding with the administration of the estate in this court in conformity with the provisions of the act, when the contingency giving her the right of action for her dower happened, and when the suits were brought by her in the state courts of foreign states.

The ultimate question for determination, therefore, is, shall the trustees of the estate being administered in this court at the suit of the widow be compelled to appear in the state courts of foreign states to defend their interests, or supposed interests in the estate, when at the time such suits were brought they were in their actual possession of the property in the custody of this court, in the due process of administration, and when only the incident of the bankrupt's death conferred upon the widow the right of dower she now asserts by her suits, and when the rights of the parties litigant in such suits is governed and controlled by the bankrupt act? I think not. In so far as I am advised, the right of the widow of a bankrupt, who dies pending the bankrupt proceedings, to be endowed out of the lands of which her husband died seised, located in a state other than the state of the bankrupt's residence, has not been determined by any court under the bankrupt law, nor has the appropriate tribunal for the determination of such right been authoritatively determined. The decision of this question must therefore rest in principle, and not upon authority. It is quite well settled by the terms of the act, and numerous decisions, that in so far as the widow's right to dower in the lands of which her husband died seised, lying in the state of his residence, her right of dower under the laws of the state would remain to her undisturbed by the proceedings, and she might recover the same in kind, or the value of such right, although the same had come into the possession of trustees before the death of the bankrupt. Porter v. Lazear, 109 U. S. 84, 3 Sup. Ct. 58, 27 L. Ed. 865; In re McKenzie, 15 Am. Br. 679; In re Seabolt (D. C.) 113 Fed. 766; In re Slack (D. C.) 111 Fed. 523; In re Shaeffer (D. C.) 105 Fed. 352.

While the question of the jurisdiction of the court to determine the widow's right to dower and award the same does not appear to have been raised or decided in any of the above cases, yet it is proper to be noted in the Seabolt and Slack Cases the application of the widow was made to and allowed by the bankruptcy court; and in the McKenzie Case the application of the widow for dower was made to and denied by the bankruptcy court, and this ruling was affirmed by the Circuit Court of Appeals for this circuit.

The jurisdiction possessed by this court over the property of the bankrupt, and its disposition to lienholders or those claiming by adverse right or title, is not concurrent with that of any other tribunal, but is in its nature necessarily exclusive of all others. Chief Justice

Fuller, delivering the opinion of the court in Re Watts and Sachs, 190 U. S. 1, 23 Sup. Ct. 718, 47 L. Ed. 933, says:

"The bankruptcy law is paramount, and the jurisdiction of the federal courts in bankruptcy, when properly invoked, in the administration of the affairs of insolvent persons and corporations, is essentially exclusive."

Judge Hook, delivering the opinion of the Circuit Court of Appeals for this circuit in Re Schermerhorn, 145 Fed. 341, 76 C. C. A. 215, says:

"Upon the filing of a petition in bankruptcy, followed by an adjudication, all property in the possession of the bankrupt of which he claims the owner-ship passes at once into the custody of the court of bankruptcy, and becomes subject to its jurisdiction to determine, by plenary action or summary pro-ceeding, as the nature of the case demands, all adverse or conflicting claims thereto, whether of title or of lien; and that court may, by the process of injunction, protect its jurisdiction against interference. It may draw to itself the determination of all controversies over the property in its possession, and, when it once lawfully attaches, its jurisdiction cannot be destroyed or im-paired by the unauthorized surrender of possession of the property by the officers of the court, or through a seizure thereof by an adverse claimant. Whitney v. Wenman, 198 U. S. 539, 25 Sup. Ct. 778, 49 L. Ed. 1157; Mueller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405; White v. Schloerb, 178 U. S. 542, 20 Sup. Ct. 1007, 44 L. Ed. 1183; Chauncey v. Dyke Bros., 119 Fed. 1, 55 C. C. A. 579; In re Corbett (D. C.) 104 Fed. 872; In re Rochford, 124 Fed. 182, 59 C. C. A. 388."

This court having assumed jurisdiction of the administration of this bankrupt estate, and having through its receivers taken actual posses-sion of the property in which the widow, by the happening of the sub-sequent event of the death of her husband, acquired the interest she now asserts (an interest in and right to a portion of such property), I am of the opinion the determination of the controversy involving such right is drawn to and must be asserted in this court having jurisdiction of the administration of the estate and the custody of the property; that this jurisdiction, of necessity, is exclusive, and that the widow may, if she is so advised by her solicitors, exhibit her bill against the trustees and all parties in interest in said property, and all property in which she claims to be endowed out of her husband's estate, to this court, and that this court has full, ample, and exclusive jurisdiction to cause all such parties to be brought before it and to make complete determina-tion of the rights of all parties.

Mr. Justice Brown in White v. Ewing, 159 U. S. 36, 15 Sup. Ct. 1018, 40 L. Ed. 67, in speaking of the jurisdiction of the Circuit Court over property in its custody, and over persons interested therein and in-debted to such estate, whether within or without the territorial juris-diction of the court, says:

"In this particular, the jurisdiction of the Circuit Court does not materially differ from that of the District Court in bankruptcy, the right of which to collect the assets of a bankrupt estate we do not understand ever to have been doubted."

Mr. Justice Gray, delivering the opinion of the court in Porter v. Sabin, 149 U. S. 473, 13 Sup. Ct. 1008, 37 L. Ed. 815, says:

"When a court exercising jurisdiction in equity appoints a receiver of all the property of a corporation, the court assumes the administration of the estate; the possession of the receiver is the possession of the court; and the

court itself holds and administers the estate, through the receiver as its officer, for the benefit of those whom the court shall ultimately adjudge to be entitled to it. Wiswall v. Sampson, 14 How. 52. 14 L. Ed. 322; Peale v. Phipps, 14 How. 368, 14 L. Ed. 459; Booth v. Clark, 17 How. 322, 15 L. Ed. 164; Union Bank v. Kansas City Bank, 136 U. S. 223, 10 Sup. Ct. 1013, 34 L. Ed. 341; Thompson v. Phenix Ins. Co., 136 U. S. 287, 10 Sup. Ct. 1019, 34 L. Ed. 408."

From the facts as stated, and from the very nature of the jurisdiction possessed by this court in bankruptcy proceedings, I am of the opinion the jurisdiction and power to determine the rights of the widow to dower in the property of her bankrupt husband, deceased during the pendency of the proceedings under the bankruptcy act, is exclusively in this court; that the state courts of Illinois and Missouri do not possess such jurisdiction; that the ancillary bill presented to this court by the trustees, and the order of this court made thereon restraining the resident widow from further prosecuting such suits brought by her in the state courts where the property is located, were rightfully filed and made, and that the motion to set aside such order must be overruled and denied.

It is so ordered.