### In re BROWN.

### FULGHUM v. BROWN et al.

(District Court, S. D. Georgia.   June 27, 1923.)

1. **Bankruptcy ⬅159—Actual fraud must be shown to invalidate transfer as one made to defraud creditors; "hinder, delay, and defraud."**

   An attempt to prefer is not necessarily an attempt to defraud, and a preferential transfer is not always a fraudulent one. The question of fraud depends upon motive, and to invalidate a conveyance as one made to "hinder, delay, or defraud" creditors within Bankruptcy Act, § 67e (Comp. St. § 9651), fraud must be shown.

   [Ed. Note.—For other definitions, see Words and Phrases, Second Series, Hinder, Delay, and Defraud.]

2. **Bankruptcy ⬅175—Fraudulent conveyance void except as against bona fide purchaser for present fair consideration.**

   Under Bankruptcy Act, § 67e (Comp. St. § 9651), a conveyance in fraud of creditors to an antecedent creditor or to one not a creditor is void except as against purchasers in good faith and for a present fair consideration, irrespective of knowledge of the grantee of the fraudulent intent of the grantor, in view of the history of legislation.

3. **Bankruptcy ⬅166(1)—Preferential conveyance 'valid unless grantee had reasonable ground to believe that it would effect preference.**

   A conveyance constituting a preference under Bankruptcy Act, § 60b (Comp. St. § 9644), is valid unless grantee had reasonable cause to believe that its enforcement would effect a preference.

4. **Bankruptcy ⬅166(4)—Test stated as to grantee's knowledge of intended preference or fraudulent conveyance,.**

   The test whether grantee knew of debtor's intent to make a fraudulent conveyance, within Bankruptcy Act, § 67e (Comp. St. § 9651), or whether grantee had reasonable ground to believe that the conveyance would effect a preference. within section 60b (Comp. St. § 9644), is: Did the creditor have knowledge of such facts as would cause a man of ordinary intelligence to believe that a fraud or preference was intended, or as would cause him to make an inquiry which would have led to such additional knowledge as would have produced belief of the fraud or preference?

In Equity.   Suit by C. C. Fulghum, trustee in bankruptcy of R. P. Brown, against Mrs. Lucia Belle Brown and the First National Bank of Fitzgerald, Ga.   Decree rendered as stated in the opinion.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Harris, Harris & Witman, of Macon, Ga., for trustee.
John R. L. Smith, of Macon, Ga., for First Nat. Bank.
Eldridge Cutts, of Fitzgerald, Ga., for Mrs. Brown.

BARRETT, District Judge. The suit is by the trustee in bankruptcy of R. P. Brown against Mrs. Lucia Belle Brown, the wife of the bankrupt, and the First National Bank of Fitzgerald, to recover a tract of land containing approximately 2,200 acres, alleged by the trustee to have been conveyed by the bankrupt to his wife on December 22, 1921, for the purpose of hindering, delaying, and defrauding his creditors, a provision of such deed being that Mrs. Brown would assume his indebtedness of approximately $16,000 at the said bank, and convey to the bank a deed to secure such indebtedness, and which land was thereafter by security deed conveyed by the wife to said bank; and also to cancel and set aside a chattel mortgage of even date with said security deed from Mrs. Brown to the bank, said chattel mortgage covering property conveyed by Mr. Brown to Mrs. Brown in the deed conveying said land; it being alleged that the making of the security deed and the chattel mortgage by Mrs. Brown to the bank under the conditions had the effect to prefer the bank as a creditor as against other creditors of Mr. Brown, and also to make such bank a beneficiary of such fraudulent scheme of Brown.

Separate answers were filed by Mrs. Brown and the bank, each denying substantially all the allegations of the petition; and evidence was heard from both sides as to the transactions here under consideration.

The trustee attacks the conveyance from Mr. Brown to Mrs. Brown, and the mortgage and security deed from Mrs. Brown to the First National Bank of Fitzgerald, as being void as against petitioner for the following reasons:

(1) The conveyance from Mr. Brown was with the known purpose on his part to hinder, delay, or defraud his creditors, and therefore void under section 67e of the Bankruptcy Act (Comp. St. § 9651).

(2) The conveyance was void as to Mrs. Brown for the further reason that it was voluntary and without any consideration, given while the grantor was insolvent, and as to the bank because it was made by the grantor to create a preference for the bank, known to the bank, while the grantor was insolvent, under section 60b of the Bankruptcy Act (Comp. St. § 9644).

(3) The conveyance and mortgage are void under the laws of Georgia, as parts of a fraudulent scheme.

The trustee claims that both Mrs. Brown and the bank had reasonable grounds to know that the act of Mr. Brown in making the deed to Mrs. Brown was to hinder, delay, or defraud his creditors; that Mrs. Brown knew that the deed to her was voluntary; and that the bank had reasonable grounds for knowing that such deed, followed by the security deed and mortgage from Mrs. Brown to it, was intended to result, and would result, in a preference to it as against the other creditors of Brown.

No attack is made as against the claim of the bank to the extent of the money advanced by it to Mrs. Brown with which the taxes on the

property of Mr. Brown were paid, or the $65 left over, which is treated de minimis; but an attack is made on so much of the actual money paid out by the bank to Mrs. Brown as was used to take up the judgment in favor of Augustus Wright Company, amounting to about $1,-100, upon the theory that such judgment having been obtained within four months of the bankruptcy of Brown, and the said bank having knowledge of the fraud being perpetrated by Mr. Brown, it knew that by such advance of money this lien creditor, Augustus Wright Company, would obtain a preference.

The principles of law governing are as follows:

[1] 1. There is a radical difference between defrauding creditors and making a preference.

"An attempt to prefer is not necessarily an attempt to defraud, nor is a preferential transfer always a fraudulent one. The question of fraud depends upon the motive, and in order to invalidate a conveyance as one made to hinder, delay or defraud creditors within the meaning of 67e of bankruptcy act actual fraud must be shown." Coder v. Arts, 213 U. S. 223, 29 Sup. Ct. 436, 53 L. Ed. 772, 16 Ann. Cas. 1008.

"There is a difference between intent to defraud and intent to prefer— the former is malum per se and the latter malum prohibitum and only to the extent forbidden." Van Iderstine v. National Discount Co., 227 U. S. 575, 33 Sup. St. 343, 57 L. Ed. 652.

But, "a transfer, the intent or obviously necessary effect of which is to deprive creditors of the benefits sought to be secured by the Bankruptcy Act, 'hinders, delays, or defrauds creditors' within the meaning of section 67e." Dean v. Davis, 242 U. S. 438, 37 Sup. Ct. 130, 61 L. Ed. 419.

[2] 2. If a debtor makes a conveyance in fraud of his creditors, such conveyance is void, "except as to purchasers in good faith and for a present fair consideration." This is true, however innocent the grantee may have been as to such fraudulent intent on the part of the grantor, and it is true when made to an antecedent creditor, or to one not a creditor.

The Statute of Elizabeth (13 Elizabeth, c. 5) is as follows:

"Whereas feoffments, gifts, grants, alienations, conveyances, bonds, suits, judgments, and executions have been contrived of malice, fraud, covin, collusion, etc., to hinder, or defraud creditors or others of their just and lawful actions, suits, debts, accounts, damages, etc., therefore, it is declared, ordained, and enacted that all and every feoffment gift, grant, alienation, etc., of lands, tenements, hereditaments, goods, and chattels, etc., had or made with intent or purpose as expressed in the preamble to delay, hinder, or defraud creditors or others of their just and lawful actions, suits, debts, accounts, damages, penalties, forfeitures, etc., shall be deemed and taken (only as against that person or persons, his or their heirs, successors, etc., whose actions, suits, etc., by such guileful, covinous, or fraudulent devices and practices shall or might be in any way disturbed, hindered, delayed or defrauded) to be clearly and utterly void, frustrate, and of no effect; any pretense, color, feigned consideration, expressing of use, or any other manner or thing to the contrary notwithstanding."

It then protects bona fide transfers for a good (construed as valuable) consideration.

There is nothing in this statute to indicate that the voidance of the feoffments, gifts, etc., depended upon the knowledge of the fraud on the part of the feoffee, donee, etc. It is recognized that many courts have held that such voidance resulted only in the event of the knowl-

edge of the fraud on the part of the feoffee, donee, etc. In many instances the requirement of such knowledge has been embodied in statute, as is true in Georgia:

"Every conveyance of real or personal estate, by writing or otherwise, and every bond, suit, judgment and execution, or contract of any description, had or made with intention to delay or defraud creditors, and such intention known to the party taking. * * * " Park's Code of Georgia, § 3224, subsec. 2.

The Bankruptcy Act of 1867 (14 Stat. 517) made it incumbent that the grantee should know of the fraud. Act of 1867, § 35; Collier on Bankruptcy (12th Ed.) p. 1534.

"The important elements of proof in that law (1867)—the creditor's reasonable cause to believe the debtor insolvent and that the transaction was in fraud of the act—have given place to the single element of intent to hinder, delay or defraud." Collier on Bankruptcy (12th Ed.) p. 1063.

With the knowledge on the part of Congress that by general interpretation or by statute the Statute of Elizabeth was invocable only when knowledge of the fraud was had by the grantee, it could not have by mere oversight omitted from section 67e the requirement that knowledge of the fraud should rest upon the grantee in order to avoid the conveyance.

As is well said by counsel for the bank:

"Familiarity with this act breeds respect. A bankrupt act had been before each Congress for twenty years. They had worked on its diligently. The result is not half baked. It is cogent and finally articulated as evidenced by the fact that only two slight amendments have been made in a quarter of a century."

It is now nearly 20 years since the case of Sherman v. Luckhardt, 67 Kan. 682, 74 Pac. 277, 11 Am. Bankr. Rep. p. 26, was decided, holding that notice of the fraud was not necessary to avoid any act intended by the debtor in fraud of his creditors, and no amendment to the act in this respect has been adopted.

Why should not the law be thus? Why should any one profit by the fraud of another, as against creditors entitled to equal consideration and participation? Is it not full protection when the rights of the grantee are preserved to the extent of the present fair consideration with which he parts?

The very act itself seems to definitely limit the fraudulent intent to the debtor himself, when it says: "With the intent and purpose on his part to hinder, delay, etc."

[3] 3. A conveyance or other act which constitutes a preference, such intention being known to the debtor, is valid unless the grantee had "reasonable cause to believe that the enforcement of such judgment or transfer would effect a preference." Bankruptcy Act, § 60b.

[4] 4. Knowledge of the fraudulent intent, under section 67e, or reasonable cause to believe that a preference would be effected, under section 60b, are covered by the principle that such notice as would properly lead to inquiry is equivalent to knowledge or reasonable cause to believe.

291 F.—28

Further, the measure of this is not limited to whether the grantee did, in fact, appreciate that the notice was such as to require him to make inquiry, but it is that—

"If facts and circumstances with respect to the debtor's financial condition are brought home to him, such as would put an ordinarily prudent man upon inquiry, the creditor is chargeable with knowledge of the facts which such inquiry should reasonably be expected to disclose." In re Eggert (C. C. A. Seventh Circuit) 102 Fed. 735, 43 C. C. A. 1.

It is not sufficient to credit the statement of the creditor to the effect that he did not believe either fraud or a preference was intended, but the measure is: Did he have knowledge of such facts as would cause a man of ordinary intelligence to believe that a fraud or preference was intended, or as would cause him to make inquiry, which inquiry would have led to such additional knowledge as would have produced belief of the fraud or preference?

Applying the foregoing principles to the facts of the case, I find:

(a) The conveyance from Mr. Brown to Mrs. Brown, so far as her interest is claimed to exist, is void, because it was the purpose of Mr. Brown in making such conveyance to defraud his creditors. Mrs. Brown had knowledge of such purpose, and, further, it was a gift, made while Mr. Brown was insolvent.

(b) The deed from Mr. Brown to Mrs. Brown, upon which the rights of the bank through Mrs. Brown are claimed to exist, having been made by Mr. Brown for the purpose of defrauding his creditors, the claim of the bank, except as hereinafter declared, is void, because the act of Mr. Brown was for the purpose of defrauding his creditors, and no rights passed thereunder, even though the bank had no knowledge of such intent; and, further, because the facts known to the bank were such as would bring knowledge to a man of ordinary intelligence that the intent on the part of Mr. Brown was to defraud his creditors, and that such act on his part would give to the bank a preference over other creditors.

While it is my opinion that the facts were sufficient to bring such knowledge, or certainly notice that would lead to such knowledge, to the bank, I am not satisfied that it intended to affirmatively participate in any fraud, or that it advanced the money with which to pay off the Augustus Wright judgment so as to give it a preference; and I therefore hold that the bank is protected to the extent of the money actually advanced by it which was used in part to pay the judgment of the Augustus Wright Company and taxes, and the small amount that went to Mrs. Brown.

A decree will be entered accordingly.