RUMSEY & SIKEMIER CO. et al. v. NOVELTY & MACHINE MFG. CO. et al.

(District Court, E. D. Missouri, E. D.   November 6, 1899.)

1. BANKRUPTCY—ACTS OF BANKRUPTCY—PREFERENCES.

Where an insolvent debtor conveys all his property to a trustee, with directions to convert the same into money, and to apply the proceeds—First, to the payment of the costs and expenses; second, to the payment of such of the grantor's creditors as are entitled to priority under the laws of the state; third, to the payment of the grantor's general creditors according to a schedule set forth in the deed; and, finally, to return to the grantor any balance that may remain,—such conveyance is not a transfer of property with intent to prefer a creditor or creditors, within the meaning of Bankr. Act 1898, § 3a, cl. 2, and therefore is not, on that ground, an act of bankruptcy.

2. SAME—ASSIGNMENT FOR CREDITORS.

A conveyance of property to a trustee, with directions to convert the same into money, and apply the proceeds in payment of the debts of the grantor and the costs of administration, but reserving to the grantor the right to any balance that may remain, is not a "general assignment for the benefit of his creditors," within the meaning of Bankr. Act 1898, § 3a, cl. 4, providing that such an assignment shall constitute an act of bankruptcy, where it is not shown that the reservation of an equity to the

grantor is colorable or in bad faith, and for the purpose of evading the provisions of the bankruptcy law.

3. SAME—FRAUDULENT CONVEYANCE.

A voluntary conveyance of all his property by an insolvent debtor to a trustee, to be converted into money and distributed to the creditors of the grantor, though it is made for the equal benefit of all the creditors, without preferences and without actual fraud, and though it would be good at common law, is nevertheless an act of bankruptcy, as being a transfer of property with intent to hinder, delay, and defraud creditors, since its necessary operation is to deprive the creditors of the rights, advantages, and safeguards provided for them by the bankruptcy law.

4. SAME—PRESERVATION OF PROPERTY—INJUNCTION.

Where an insolvent debtor, who has conveyed all his property to a trustee, with directions to sell the same and distribute the proceeds to the creditors of the grantor, is adjudged bankrupt on involuntary proceedings against him, on the ground that such conveyance was intended to delay and defraud creditors, and is therefore voidable in bankruptcy, the court of bankruptcy, pending the appointment of a trustee, may enjoin the trustee under the deed from disposing of the property or exercising any of the powers given him by the deed, except to hold possession of the property and preserve it.

In Bankruptcy. On petition for adjudication in involuntary bankruptcy and for an injunction.

James M. Sutherland and Wm. B. Shields, for complainants.
Andrew M. Sullivan, for defendants.

ADAMS, District Judge. The bill, return to the order to show cause, and affidavits filed in support thereof, show that on October 11, 1899, the defendant the Novelty & Machine Manufacturing Company conveyed all its property to the defendant William L. Loker, in trust to sell the same, and out of the proceeds of the sale to pay— First, the cost and expenses of so doing; second, debts of a preferential character according to the laws of the state of Missouri; third, the claims of the several creditors of the company, all of whom, with the respective amounts due each, were set forth in the deed of conveyance; and, fourth, to pay any balance which might remain to said company, the grantor. Defendant Loker, immediately after receiving the deed of conveyance, proceeded to execute the trust thereby created. On October 19, 1899, the complainants in this case filed a petition in involuntary bankruptcy against said company, charging that the company had committed an act of bankruptcy by the execution of its deed to the defendant Loker, as hereinbefore stated. Afterwards, on October 21st, this proceeding was instituted by the petitioning creditors, the general object and purpose of which is to secure an injunctive order against Loker restraining him from further proceeding with the execution of the trust created by the deed of October 11th. The general grounds for such an order, as set forth in the bill, are—First, the deed constitutes a preference; second, that it is a general assignment for the benefit of creditors; and, third, that it was made with intent to hinder, delay, and defraud the creditors of the grantor.

Manifestly, the deed does not work a preference to any of the creditors, for all are treated alike, and, so far as it appears, it is not

a general assignment, within the purview of the bankruptcy act, inasmuch as there is a condition of defeasance and an equity reserved in the property to the grantor after the satisfaction of the claims of the beneficiaries mentioned therein. I use the words, "so far as it appears," in referring to the last matter, because I am not prepared to announce the proposition broadly that any conveyance which in terms contains a condition of defeasance, and the reservation of an equity to the grantor, is in all cases to be treated as a security for the payment of the debt, and for that reason protected from the consequences which follow a general assignment, under the provisions of the bankruptcy act.

It is possible that the insertion of such a clause in a deed may be made in bad faith, for the express purpose of evading the operation of the bankruptcy act, and with no real or bona fide intention of reserving any equity to the grantor. The facts of the case may clearly show that the real purpose of the deed, though in the form of a mortgage, is to absolutely and unconditionally appropriate the property conveyed to the satisfaction of the debts. In such case it would seem that the court, in administering the bankruptcy act, ought to construe the instrument or deed claimed to be an assignment according to the actual facts of the case, and not according to the false and misleading statements which may be employed to conceal the actual facts. But the case at bar does not now disclose any facts outside the terms of the deed, and for that reason I hold that the deed is not a general assignment, within the meaning of the bankruptcy law.

The next question is whether the deed is a conveyance by the company with intent to hinder, delay, and defraud its creditors, or any of them. It is contended that because it devoted all the debtor's property to the payment of its creditors' demands, pro rata and equally, and because there is no fraud of the kind requisite to avoid deeds at common law, or under the statutes of fraudulent conveyances, therefore this deed does not hinder, delay, or defraud creditors, within the meaning of the bankruptcy act. In considering this question, it must be borne in mind that the bankruptcy act confers certain peculiar rights and privileges upon creditors which were unknown to the common law, and unrecognized by state statutes concerning fraudulent conveyances. Among these are the right (1) to choose their own trustee; (2) to examine the bankrupt; (3) to have notice of all the important steps in the administration of the estate; and (4) to have the assets converted into money and distributed under the supervision and control of a court of bankruptcy. Any course of procedure by an insolvent, like that resorted to in this case, whereby he conveys all his property to some trustee of his own selection, with power to dispose of it according to his own judgment, and with none of the safeguards provided by the bankruptcy act, clearly deprives the creditors of the valuable rights accorded to them by that act. In addition to this, if such a course of procedure is open to an insolvent, he may in all cases resort to it in anticipation of bankruptcy, and thereby altogether defeat the operation of the involuntary provisions of the act.

Considerations like these lead me to the conclusion that such a course of procedure, even though invulnerable at common law and unattended with fraud in fact, inevitably operates to hinder, delay, and defraud the creditors with respect to their rights under the bankruptcy act. The rights above enumerated are taken from them, and they are deprived of all such safeguards, in their effort to secure from the wreck of business some part of what is justly due them. Such being the necessary consequences of the act of the insolvent in making a voluntary conveyance of his property for the benefit of his creditors, it follows that he must have intended such consequences in making such a conveyance.

The bankruptcy act of 1867 (section 39) made a conveyance of property with intent to hinder, delay, or defraud creditors an act of bankruptcy, practically the same as section 3 of the act of July 1, 1898; and although by the act of 1867 the disposition of property, with intent to defeat the operations of the act, constituted an act of bankruptcy, the courts in construing that act held that the conveyance of property by a debtor to a trustee of his own selection, for the equal benefit of his creditors, was a conveyance with intent to hinder, delay, and defraud the creditors, within the purview of the act. Globe Ins. Co. v. Cleveland Ins. Co., 10 Fed. Cas. 488 (No. 5,486), and cases there cited. And, so far as authoritative decisions have been brought to my attention, the same conclusion appears to have been reached in construing the recent act of July 1, 1898. In the case of Davis v. Bohle, 34 C. C. A. 372, 92 Fed. 325, decided by the circuit court of appeals of the Eighth circuit, Judge Thayer, in delivering the opinion of the court, says:

"The thirty-ninth section of that act (March 2, 1867) declared, in substance, that if one who was insolvent, or in contemplation of insolvency, should make any gift, grant, sale, conveyance, or transfer of his property, with intent by such disposition thereof to defeat or delay the operation of the act, he should be deemed to have committed an act of bankruptcy; and it was repeatedly held that a general assignment by an insolvent debtor for the equal benefit of all his creditors was an act of bankruptcy, within the meaning of this provision, because of its tendency to defeat or delay the operation of the act by providing a different method of administration than that contemplated by the act, and that the same conclusion would have followed, in view of the English decisions construing the English bankruptcy act, from which ours was in part borrowed, even if our act had stopped with the single declaration that conveyance by an insolvent debtor with intent to delay, defraud, or hinder his creditors should be deemed an act of bankruptcy."

While in that case the court was considering a general assignment made in accordance with the provisions of the statutes of the state of Missouri, it seems that the reasoning there employed would be equally applicable to a conveyance of any kind by an insolvent debtor for the equal benefit of all his creditors. In the case In re Gutwillig, 34 C. C. A. 377, 92 Fed. 337, decided by the circuit court of appeals for the Second circuit, the same reasoning was employed as is found in Davis v. Bohle, supra, and the same result reached.

As a result of the foregoing, it must be held in this case that the conveyance by the Novelty & Machine Manufacturing Company to Loker was made with intent to hinder, delay, and defraud the creditors of the grantor, within the true meaning of the act of July 1,

1898, and as such is an act of bankruptcy, and, being such, the conveyance is voidable at the instance of the trustee in bankruptcy. Inasmuch as no trustee has as yet been appointed, it becomes the duty of the court to protect the property conveyed from loss or depreciation until such time as a trustee may be appointed to care for it.

From the showing made in the bill and affidavits, I do not think it necessary to take the custody of the property out of the hands of the defendant Loker, but will make an order as prayed for, restraining him, until the further orders of this court, from disposing of the property or exercising any of the powers purporting to be vested in him by the deed of conveyance made to him, except only holding the possession of the property, and taking due care for the preservation thereof.