# Richmond.

WEBB'S TRUSTEE v. LYNCHBURG SHOE CO.

January 30, 1908.

1. BANKRUPTCY—*Preferences*.—The purpose of the Bankrupt Act was to relieve the bankrupt from his debts and to secure an equal division of his assets among his creditors, and to this end to provide a remedy against every act by which a failing debtor seeks an unequal distribution of his assets among his creditors. Every such act is condemned as being against the spirit and purpose of the bankrupt law.

2. BANKRUPTCY—*Fraudulent Conveyance—Participation by Creditor*.—Under Sec. 67e of the Bankrupt Act the debtor's intent and purpose alone governs in determining whether a conveyance was made with intent to hinder, delay or defraud his creditors. The creditor preferred need not participate in this intent and purpose in order to render the preference void. The Bankrupt Act was intended to afford relief where the common law and the state statutes against fraudulent conveyances afforded none.

Error to a judgment of the Corporation Court of the city of Lynchburg in an action of assumpsit. Judgment for the defendant. Plaintiff assigns error.

*Reversed.*

The opinion states the case.

*Smith & King, Jno. H. Lewis, L. H. Cocke* and *H. T. Hall,* for the plaintiff in error.

*Wilson & Manson,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

An opinion was handed down on the 14th day of March, 1907, deciding the questions involved in this case, which is reported in 106 Va. 726, 56 S. E. 581, 1 Va. App. 41. The judgment then rendered was set aside upon a petition to rehear, and the case has been again fully argued.

It is unnecessary to repeat the reasoning and authorities fully and clearly set forth in the former opinion of this court, from which we find no occasion to depart.

The purpose of the bankrupt act was two-fold—first, the relief of the bankrupt from his debts and, second, an equal distribution of his assets among his creditors. The several provisions of the act must be read in the light of these two objects. When this is done, the conclusion cannot be escaped that it was intended to provide a remedy against every act by which a failing debtor seeks an unequal distribution of his assets among his creditors. Every such act is condemned as being against the spirit and purpose of the bankrupt law.

It is insisted that, to justify a recovery in the case at bar, it should be shown that the defendant in error, as well as the bankrupt, had knowledge of and participated in the intent to hinder, delay, and defraud the creditors.

It is sufficiently shown by the former opinion that this position is not tenable. Section 67e, under which recovery is sought, in express terms limits the intent to hinder, delay, etc., to the knowledge of the bankrupt. The language is: "With intent and purpose on his part to hinder, delay or defraud *his* creditors or any of them." The authorities agree that the debtor's intent and purpose, alone, govern in considering section 67e, and that this intent and purpose is a question of fact for the jury.

The chief contention of the defendant in error is that section 67e has reference only to such transfers as are fraudulent at common law, or under a statute of fraudulent conveyances. If

the meaning of the words, "with intent to hinder, delay or defraud his creditors, or any of them," was limited to such transfers as are fraudulent at common law or under a statute of fraudulent conveyances, section 67e would be useless and practically eliminated from the bankrupt act, for there was no necessity for a bankrupt law to set aside transfers fraudulent at common law or under state statutes. Relief in such cases was already fully provided for. The bankrupt law was intended to afford relief where the common law and state statutes afforded none; and it was just such transfers as we are now considering that section 67e was intended to relieve against.

If the construction of section 67e insisted upon by defendant in error should prevail, it would leave unprovided for the very class of creditors the section was intended to relieve and protect when a failing debtor transfers his whole property to the satisfaction of one creditor to the exclusion of all others; whereas, the construction which has been adopted by this court leaves every provision of the act in full force and effect and meets that large class of cases intended to be protected when a failing debtor, with intent to hinder, delay or defraud some of his creditors, dedicates all of his property to a favored few. To adopt any other construction would give to a failing debtor the power to render null and void the primary purpose of the act, to secure to the creditors of such debtor an equal participation in his estate. A conveyance to one creditor of what would otherwise, under the provisions of the act, go to all, would certainly hinder and delay the others, and be in fraud of the act. In addition to the authorities cited in the opinion already filed, see *In re Gutwillig,* (C. C. A.) 92 F. J. Rep. 337; *In re Gray* (N. Y. Sup. Ct. App. Div.) 3 Am. Bank. Rep. 647; *Sherman* v. *Luckhardt,* 67 Kan. 682, 74 Pac. 277, 11 Am. Bank. Rep. 26; *Freidman* v. *Verchofsky,* 105, Ill. App. 415; *Morgan* v. *First Nat. Bank,* 16 Am. Bank. Rep. 639, 145 Fed. 466; *Rumsey* v. *Novelty &c. Co.,* (D. C.) 99 Fed. 699.

For these reasons, the former opinion of this court is adhered to as a correct disposition of the case, and judgment will be entered accordingly.

*Reversed.*