**IRVING TRUST CO. v. CHASE NAT. BANK.**
No. 242.

Circuit Court of Appeals, Second Circuit.
May 29, 1933.

Bernard A. Grossman, of New York City, for appellant.

Rushmore, Bisbee & Stern, of New York City (S. S. Jennings, Jr., of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

The complaint alleges that the bankrupt corporation, while insolvent and within ten days prior to filing its voluntary petition in bankruptcy, paid its note for $4,000 held by the Chase National Bank, which note was indorsed by two of the bankrupt's officers and directors. It alleges that the payment was made when said officers knew that the bankruptcy of the corporation was imminent, and "with intent and purpose on the part of said Martin Bernstein, Inc., of hindering, delaying and defrauding its creditors," and "with the intent and purpose of benefiting its individual officers and directors, by relieving them of personal liability" with respect to said note; and that the payment was received by the bank in good faith and without knowledge "of the matters set forth herein, except the making and repayment of the loan." Recovery of the payment is prayed on the ground that it was void under section 67e of the Bankruptcy Act (11 USCA § 107 (e). In brief, the complaint sets forth the giving of a preference, but not a voidable preference, to the bank, and seeks to recover it as a fraudulent conveyance by adding an allegation of the bankrupt's intent, unknown to the bank, thereby to hinder, delay, and defraud other creditors. The court below held the complaint insufficient, and the correctness of that ruling is the only issue on appeal.

The Bankruptcy Act recognizes, as did the common law, a distinction between a preferential transfer and a fraudulent conveyance. Section 60 (11 USCA § 96) deals with preferences, subdivision (a) defining them and subdivision (b) specifying the conditions under which they may be recovered by the trustee in bankruptcy. Not all are voidable; only those to creditors charged with knowledge. It is conceded that the complaint does not allege the giving of a voidable preference. Section 67e (11 USCA § 107 (e) deals with the recovery by the trustee of fraudulent conveyances made within four months prior to the filing of the petition in bankruptcy. All transfers of his property by the bankrupt within this period, if made "with the intent and purpose on his part to hinder, delay, or defraud his creditors, or any of them," are declared void, "except as to purchasers in good faith and for a present fair consideration." It is difficult to imagine a preferential transfer which does not incidentally hinder and delay creditors, for, whenever an insolvent debtor pays one of his creditors in full, he thereby puts the cash or property so used beyond the reach of execution by the others. Pro tanto every preference hinders and delays them. If the debtor is aware that it will necessarily have that result, the transfer would seem to be made with an intent to hinder, delay, and defraud the other creditors; yet the securing or paying of an actual debt, in good faith, without any design injurious to creditors beyond that implied in giving the preference, was not deemed a fraudulent conveyance under the principles of the common law and the statute of Elizabeth. Stewart v. Dunham, 115 U. S. 61, 66, 5 S. Ct. 1163, 29 L. Ed. 329; Huntley v. Kingman, 152 U. S. 527, 532, 14 S. Ct. 688, 38 L. Ed. 540; Davis v. Schwartz, 155 U. S. 631, 640, 15 S. Ct. 237, 39 L. Ed. 289. Nor is it so under the Bankruptcy Act. This was definitely declared in Coder v. Arts, 213 U. S. 223, at page 242, 29 S. Ct. 436, 444, 53 L. Ed. 772, 16 Ann. Cas. 1008, where Mr. Justice Day said:

"We are of opinion that Congress, in enacting § 67e, and using the terms 'to hinder, delay, or defraud creditors,' intended to adopt them in their well-known meaning as being aimed at conveyances intended to defraud. In § 60 merely preferential transfers are defined, and the terms on which they may be set aside are provided; in § 67e, transfers fraudulent under the well-recognized principles of the common law and the statute of Elizabeth are invalidated."

He then quoted with approval similar statements from Lansing Boiler & Engine Works v. Ryerson, 128 F. 701, 703 (C. C. A. 6), and In re Bloch, 142 F. 674, 676 (C. C. A. 2), and concluded that "to constitute a conveyance voidable under § 67e, actual fraud must be shown" (page 244 of 213 U. S., 29 S. Ct. 436, 444).

The rule of Coder v. Arts, that a mere preference is not voidable as a fraudulent conveyance, has been frequently reaffirmed. Van Iderstine v. Nat. Discount Co., 227 U. S. 575, 583, 33 S. Ct. 343, 57 L. Ed. 652; Dean v. Davis, 242 U. S. 438, 446, 37 S. Ct. 130, 61 L. Ed. 419; Buffum v. Peter Barceloux Co., 53 S. Ct. 539, 77 L. Ed. ——; Richardson v.

Germania Bank, 263 F. 320 (C. C. A. 2). But the Supreme Court decisions have not elucidated the circumstances under which it may be accompanied by an actually fraudulent intent such as will bring it under section 67e. If the preferential payment were to be held on a secret trust for the debtor, no doubt this might convert it into a fraudulent conveyance, as suggested by this court in Van Iderstine v. Nat. Discount Co., 174 F. 518, 522. Similarly, a pledge to a creditor may be but a step in a general plan to defraud other creditors, as in Buffum v. Peter Barceloux Co., supra. These are cases where both the transferor and the transferee participate in a design to hinder the former's creditors; hence there is no difficulty in avoiding the transaction as a fraud, though technically it takes the form of a preference.

But the appellant contends that, even where the transferee in no sense participates in the intent of the transferor, but is merely a creditor accepting payment of an honest debt without knowledge that a preference will result or that the debtor was actuated by a purpose other than to pay the debt, the transaction can be set aside upon making proof that in fact the debtor not only intended to prefer the favored creditor, but also intended to defraud his other creditors. How that proof is to be made we are not told. It cannot be by inference drawn solely from the payment, for the incidental injury to creditors resulting from a preference does not make it void as a fraudulent conveyance. As this court said in Richardson v. Germania Bank, supra, at page 324 of 263 F., the intent must be "unlawfully to hinder." To the argument that the Bankruptcy Act contemplates equality among creditors and that the giving of a preference when bankruptcy is intended or known to be imminent, is unlawful and a fraud upon the act, the answer is twofold: (1) That section 60b (11 USCA § 96 (b) does not distinguish between preferences given by a debtor who hopes to extricate himself, and those given by one who knows his condition is hopeless and bankruptcy inevitable; and (2) that an intent to defeat equality among creditors inheres in every preference and is not the intent prohibited by section 67e because that section, as stated in Coder v. Arts, invalidates only such conveyances as were fraudulent under the well-recognized principles of the common law and the statute of Elizabeth. It is true that in Dean v. Davis, 242 U. S. 438, at page 444, 37 S. Ct. 130, 131, 61 L. Ed. 419, it was said that "a transfer, the intent (or obviously necessary effect) of which is to deprive creditors of the

benefits sought to be secured by the Bankruptcy Act, 'hinders, delays or defrauds creditors' within the meaning of § 67e." But this was said not of a direct preferential payment to a creditor, but of a transfer to a third party who knowingly aided the debtor to defeat the equal distribution contemplated by the act by advancing money to enable the debtor to make a preference. Until otherwise instructed by higher authority, we shall confine the above-quoted language to situations where the grantee is privy to the grantor's purpose to use the consideration preferentially. To extend it to a payment made directly to a creditor innocent of any participation in the debtor's purpose would seem in effect to obliterate section 60b from the statute, for the "obviously necessary effect" of every preferential transfer "is to deprive creditors of the benefits sought to be secured by the Bankruptcy Act."

While we have found nothing by the Supreme Court contradictory to the view we have expressed, it must be conceded that there are decisions of state and lower federal courts favorable to the appellant's contention. See Sherman v. Luckhardt, 67 Kan. 682, 74 P. 277; Webb's Trustee v. Lynchburg Shoe Co., 106 Va. 726, 56 S. E. 581, on rehearing, 107 Va. 807, 60 S. E. 130; In re Hill, 140 F. 984 (D. C. N. D. Cal.); In re Steininger Mercantile Co., 107 F. 669 (C. C. A. 5). The appellant relies particularly upon Sherman v. Luckhardt. There an insolvent debtor conveyed to his wife real estate of the reasonable value of the amount of his indebtedness to her. It was found as a fact that he had both an intent to prefer her and an intent to defraud his other creditors and that she had no knowledge of his insolvency or of his intent. Overruling its prior decision, the court held by a divided bench that the conveyance was recoverable under section 67e by the husband's trustee in bankruptcy. Sherman v. Luckhardt was cited with apparent approval by Judge Hough, writing for this court, in Richardson v. Germania Bank, supra. The reference to it was not, however, essential to the decision, and the court as now constituted cannot approve it. Concededly the rule it laid down was not harmonious with the general law of fraudulent conveyances; section 67e was thought to have changed the law. But Coder v. Arts, supra, and lower federal decisions too numerous to cite, have said the opposite. If the rule of Sherman v. Luckhardt be sound, then every preference may be attacked as a fraudulent conveyance, and the court or jury will be required to make a finding not only that the recipient had no

reasonable cause to believe that a preference would result, but also that the debtor was actuated only by an intent to prefer the favored creditor unaccompanied by an intent to hinder or delay other creditors. To so hold seems to us to destroy section 60b.

 But, even if we be in error as to this, we think the decision below should be sustained as a matter of pleading. The facts alleged show only a nonvoidable preference, and the additional allegation that the debtor intended to defraud his creditors, without showing how they were to be hindered or defrauded except as incidental to the preference, would not, in our opinion, be sufficient to convert the transaction into a fraudulent conveyance. The intent must be "unlawfully to hinder"—something more than the hindering incidental to the preference. No facts are alleged which show that. On its face the complaint discloses only a preferential payment with an intent to hinder creditors such as is necessarily incidental thereto when the debtor is aware of his insolvency.

Decree affirmed.