Herman SAGMAN, William Sagman and Milton Sagman, co-partners trading as H. Sagman

v.

RICHMOND HOTELS, Incorporated, trading as Hotel King Carter, Richmond, Virginia.

Herman SAGMAN and Al Goldberg, co-partners trading as New Freehling Jewelry Company

v.

RICHMOND HOTELS, Incorporated, trading as Hotel King Carter, Richmond, Virginia.

Civ. A. Nos. 1362, 1363.

United States District Court
E. D. Virginia, Richmond Division.
Jan. 25, 1956.

Israel Steingold, Richmond, Va., for plaintiffs.

George R. Humrickhouse, Richmond, Va., for defendant.

STERLING HUTCHESON, Chief Judge.

These are actions brought by H. Sagman, and others, against Richmond Hotels, Incorporated, to recover the value of certain jewelry alleged to be in excess of $100,000. Plaintiffs contend that on or about July 15, 1950, Herman Sagman became a guest at the Hotel King Carter in Richmond; that at the time he had in his possession the jewelry here involved contained in a valise or bag of the type usually used by traveling jewelry salesmen, in which occupation he was employed at the time; that when he checked into the hotel and registered with the desk clerk he announced his desire to place the valise in the vault maintained by the hotel in its office for the purpose of safe-keeping valuables. The clerk directed him to give the valise to a bell boy who, with the assistance of the clerk, placed it in the vault. Sagman had been a guest at the hotel on a prior occasion during that year and on numerous occasions previously. He informed the clerk that the contents of the valise were valuable but he did not indicate the amount of value nor was an inquiry made of him upon that point. On previous visits he had had jewelry placed in the vault without any statement concerning its value. He was given a check or receipt for the valise.

The hotel had posted proper notices in compliance with the provisions of Sec-

tion 35–10 of the Code of Virginia.[1] Sagman was aware of this fact.

Upon requesting his valise on July 17, 1950, which was Monday following his registration, Sagman was offered a valise which he declined to accept, stating that it was not his. Upon being opened by the hotel manager it was found to contain bricks wrapped in out-of-town Sunday newspapers.

This action was instituted to recover the alleged value of the jewelry.

The defendant has filed a motion for summary judgment fixing its maximum liability at $500 under the provisions of the Virginia Statute, which the defendant contends limits its liability to that amount under the facts above recited.

The question presented does not appear to have been passed upon by the Virginia Court. Counsel cite and quote from a number of cases of other states involving statutes limiting the liability of inn-keepers. The statutes involved differ from the Virginia Statute and for that reason the cases are not particularly helpful.

It will be seen from reading the Virginia Statute that it places upon the keepers of hotels, inns and ordinaries the duty to exercise due care and diligence in providing honest servants and employees and to take every reasonable precaution to protect the person and property of guests and boarders. This statute then provides that no keeper shall be held liable in an amount greater than $300 for loss of property of a guest when such loss takes place from the room occupied by the guest. It then recites that the keeper shall not be held liable for any loss by a guest of jewelry, money or other valuables of like nature if the keeper shall have posted in the room occupied by the guest in a conspicuous place and in the office a notice stating that jewelry, money and other valuables of like nature must be deposited in the office, unless such loss shall take place from the office after such deposit is made. The concluding sentence is as follows: "The keeper of any such hotel, inn or ordinary shall not be obliged to receive from any one guest for deposit, in such office, any property hereinbefore described exceeding a total value of $500.00."

It is upon the sentence last quoted that the defendant bases the motion now before the Court. It contends that the guest should have notified the clerk that the value of the jewelry was in excess of $500 and thereby afforded the hotel an opportunity of either assuming responsibility for its full value or declining to accept such responsibility in excess of $500.

As I view the situation it boils down to one question, which may be stated as follows: Is the duty upon the guest to inform the hotel of value or upon the hotel to make inquiry concerning value?

In seeking the answer there is to be considered the common law duty of

---

1. Section 35–10, Code of Va., 1950:

"It shall be the duty of keepers of hotels, inns and ordinaries to exercise due care and diligence in providing honest servants and employees, and to take every reasonable precaution to protect the person and property of their guests and boarders. No such keeper of a hotel, inn or ordinary shall be held liable in a greater sum than three hundred dollars, for the loss of any wearing apparel, baggage or other property not hereinafter mentioned, belonging either to a guest or boarder, when such loss takes place from the room or rooms occupied by such guest or boarder. And no keeper of a hotel, inn or ordinary shall be held liable for any loss by any guest or boarder of jewelry, money or other valuables of like nature belonging to any guest or board [sic] if such keeper shall have posted in the room or rooms occupied by guests or boarders in a conspicuous place, and in the office of such hotel, inn or ordinary, a notice stating that jewelry, money and other valuables of like nature must be deposited in the office of such hotel, inn or ordinary, unless such loss shall take place from such office after such deposit is made. The keeper of any such hotel, inn or ordinary shall not be obliged to receive from any one guest for deposit, in such office, any property hereinbefore described, exceeding a total value of five hundred dollars."

the inn-keeper to his guest and the reasons therefor. In early days when travel was hazardous by danger from outlaws, inns and hotels were places of refuge for the traveler. They were usually placed at convenient distances, operated by local people of integrity who were familiar with local conditions and prepared to protect the inmates by force if necessary. Many references to these conditions both in this country and abroad may be found in historical writings of fact and fiction.[2] To encourage commerce and trade it was found expedient to safeguard those engaged in traveling, whether for business or social reasons. The law placed upon the inn-keeper duties of an insurer. With the change brought about by more efficient law enforcement and the improvement of facilities for the accommodation of guests, the severity of the common law requirement on the part of inn-keepers is no longer necessary. As a consequence, statutes have been enacted limiting their liability. Ordinarily, such a limitation is conditioned upon some affirmative action by the inn-keeper. In the instant case it is conditioned upon posting the signs referred to. Compliance with the statutory requirement results in protection of the inn-keeper against liability beyond the statutory provisions.

It must be borne in mind that such statutes are enacted for the benefit of the inn-keeper and in order to bring himself within the limitation of liability he must comply with the statute. The defendant in this case has complied with the statutory requirement. However, the last sentence of the statute requires interpretation. In some states the statute provides that the liability is limited unless the inn-keeper consents in writing to assume a greater liability.

There is nothing in the Virginia Statute relating to an agreement. It merely says that the inn-keeper shall not be obliged to receive property exceeding the total value of $500. Nowhere does the statute nor the required notice bring to the knowledge of the guest that he must declare the value of his property to be protected nor does it place upon him the duty to do so. By reason of the nature of the business of an inn-keeper judicial notice will be taken of the fact that many guests are not residents of the state but are strangers from elsewhere. Judicial notice may also be taken of the fact that an overwhelming majority of guests are not lawyers nor acquainted with the duties imposed by law upon the inn-keeper. The inn-keeper, upon the other hand, obviously is familiar with the requirements of the statute. He has complied with the requirements by posting notice. He is chargeable with both constructive and actual notice of the law enacted for his benefit. So, we come to the question of determining where should lie the duty of disclosing or making inquiry concerning the value of the jewelry placed with the inn-keeper for safe-keeping.

It is my view that the duty is upon the inn-keeper to make inquiry concerning the value. He may at his option decline to accept responsibility under the statute or he may require as a condition permission to examine it and satisfy himself as to value. In the case of money, he probably would desire to have it counted before accepting liability. Should he fail to make such inquiry, he does so at his own risk and is liable for resulting loss, depending upon proper proof.

Accordingly, the motion for summary judgment limiting the amount of liability will be overruled.

2. Cf. "The Wilderness Road"—Kincaid
"Tom Jones" —Fielding