## CIRCUIT COURT OF THE CITY OF ROANOKE

Ryan Taboada

v.

Daly Seven, Inc.

August 6, 2004

Case No. CL03-1075

BY JUDGE CLIFFORD R. WECKSTEIN

Ryan Taboada was the victim of a vicious criminal attack. In this suit, he says that the hotel at which he had just registered is liable for his damages. The hotel's owner-operator, Daly Seven, Inc., demurs, asserting that there is no legal basis for Taboada's claim.

According to his motion for judgment, Taboada checked into a Holiday Inn Express hotel in Roanoke, returned to his car to unload his luggage, and was savagely attacked by a carjacker, Derrick W. Smith. Smith shot Taboada eight times, ripped a watch from the wrist of Taboada's young son, and, with Taboada's daughter still strapped into her car seat, stole Taboada's car. The police soon apprehended Smith and recovered the car.

Accepting the truth of the factual allegations in Taboada's motion for judgment and giving him the benefit of every factual inference that can be drawn from his pleading, I find that he has failed to state a claim upon which relief can be granted. He will have the opportunity to replead. In order to state a viable claim, he must set forth facts from which the court can at least infer that Daly Seven should have foreseen the type of criminal activity of which Taboada was a victim.

"A demurrer admits the truth of the facts contained in the pleading to which it is addressed, as well as any facts that may be reasonably and fairly implied and inferred from those allegations. A demurrer does not, however, admit the correctness of the pleader's conclusions of law." [1] The "sole

---

[1] *Yuzefovsky v. St. John's Wood Apts.*, 261 Va. 97, 102, 540 S.E.2d 134 (2001) (internal citations omitted).

question to be decided" is whether the facts "thus pleaded, implied, and fairly and justly inferred are legally sufficient to state a cause of action against the defendant." [2] I must decide whether the factual allegations in the motion for judgment are sufficient, as a matter of law, to establish that Daly Seven had "a duty of care" to protect Taboada from the injuries caused by Derrick W. Smith, such that a jury could find it liable for those injuries. "Whether such duty exists is 'a pure question of law.' ('the law determines the duty, and the jury, upon the evidence, determines whether the duty has been performed')." [3]

Daly Seven, Taboada says, breached a duty to provide adequate security to deter, prevent, or protect him from criminal attacks. According to the motion for judgment, Daly Seven had employed a private security force to protect guests at the Holiday Inn Express from attacks by non-guests; some time before Taboada was attacked, Daly Seven had terminated this security guard force for financial reasons.[4] Daly Seven, the pleading states, knew that it was likely and foreseeable that its guests, such as the Taboada and his family, were at risk for assaults on hotel property from non-guests." [5]

Taboada asserts that there are two separate bases for his claim for the existence of these duties: Subsection A of Virginia Code § 35.1-28, and Virginia's common law. Daly Seven has filed two separate demurrers.

Under § 35.1-28(A), "it shall be the duty of any person owning or operating a hotel to ... take reasonable precautions to protect the persons and property of the guests of the hotel." The court must give effect to all of § 35.1-28, however, and not just the provisions of Subsection A.[6] Subsection E is unambiguous: "Nothing contained in this section shall be construed so as to change or alter the principles of law concerning a hotel's liability to a guest or other person for personal injury."

"When the language of a statute is unambiguous, courts are bound by the plain meaning of that language and may not assign a construction that amounts to holding that the General Assembly did not mean what it actually has stated." [7] Subsection E unmistakably proclaims that the duties arising under Subsection A have no application in personal injury cases, like Taboada's; in such cases, Subsection E directs, courts are to apply familiar

---

[2] *Thompson v. Skate Am., Inc.*, 261 Va. 121, 128, 540 S.E.2d 123 (2001); *see* Va. Code ϶ 8.01-273.

[3] *Thompson*, 261 Va. at 128 (citations omitted); *see Yuzefovsky*, 261 Va. at 106.

[4] Mot. for Judgment, && 14, 15.

[5] Mot. for Judgment, & 13.

[6] *See Webb's Trustee v. Lynchburg Shoe Co.*, 106 Va. 726, 730, 56 S.E. 581 (1907).

[7] *Williams v. Commonwealth*, 265 Va. 268, 271, 576 S.E.2d 468 (2003).

common law principles.[8] Indeed, in a case decided under the statutory predecessor to § 35.1-28, a federal district court remarked that "it must be borne in mind that such statutes are enacted for the benefit of the inn-keeper."[9]

This is not something that Taboada can remedy by pleading additional facts. Therefore, I must sustain Daly Seven's demurrer to the claim for relief under § 35.1-28, without leave to replead, and turn now to the demurrer to the common law claim.

Under Virginia's common law, an owner or occupier of land generally has no duty to protect a business visitor from, or warn him of, criminal assault by a third person.[10] The Supreme Court has recognized that there are narrow exceptions to this general rule,[11] and has set out "the general analysis applicable for determining whether an exception to the general rule applies."[12]

The first step is a simple one for Taboada. He must (and of course does) establish the existence of a "special relationship ... such as that between an innkeeper and guest."[13]

Next, he must establish that "as a result of the particular circumstances of that special relationship, including the known or reasonably foreseeable danger of harm to the plaintiff from the criminal act of the third party," the special relationship creates a duty of care, such as a duty to protect or warn him.[14] This inquiry is always fact-specific; there are no bright-line rules.[15]

The Supreme Court has not yet decided a case in which a guest claimed that, as a result of the innkeeper-guest relationship, the innkeeper was liable for a third person's assault on a guest. The Supreme Court has, however, considered similar claims in the context of other special relationships: business invitor-invitee,[16] landlord-lessee,[17] employer-employee,[18] and common

---

[8] *Wicks v. City of Charlottesville*, 215 Va. 274, 277, 208 S.E.2d 752 (1974) (The General Assembly is presumed to have common law in mind, and it is read into the statute "unless it clearly appears from express language or by necessary implication that the purpose of the statute was to change the common law." ).

[9] *See Sagman v. Richmond Hotels, Inc.*, 138 F. Supp. 407 (E.D. Va. 1956).

[10] *See A.H. v. Rockingham Publishing Co.*, 255 Va. 216, 222, 495 S.E.2d 482 (1998); *Gulf Reston, Inc. v. Rogers*, 215 Va. 155, 158-59, 207 S.E.2d 841 (1974).

[11] *Yuzefovsky*, 261 Va. at 106.

[12] *Id.* at 106-07.

[13] *Id.* at 107.

[14] *Id.*

[15] *Id.* at 106-07.

[16] *See Thompson*, 261 Va. at 128-31; *Wright v. Webb*, 234 Va. 527, 531-33, 362 S.E.2d 919 (1987).

[17] *See Yuzefovsky*, 261 Va. at 106-10; *Klingbeil Mgmt. Group Co. v. Vito*, 233 Va. 445, 357 S.E.2d 200 (1987); *Gulf Reston, Inc.*, 215 Va. at 158-59.

[18] *See Rockingham*, 255 Va. at 220.

carrier-passenger.[19] Surveying other jurisdictions and its own cases in the context of common carriers, the Supreme Court determined that:

> [A] business invitor, whose method of business does not attract or provide a climate for assaultive crimes, does not have a duty to take measures to protect an invitee against criminal assault unless he knows that criminal assaults against persons are occurring, or are about to occur, on the premises which indicate an imminent probability of harm to an invitee.[20]

Taboada does not allege that the Holiday Inn Express's method of business attracted or provided a climate for criminal assaults, nor does he allege that Daly Seven knew that criminal assaults against persons were occurring or about to occur on the premises. The allegation that the hotel knew or should have known that its guests were at risk for such attacks is bare conclusion, bereft of any assertion of facts from which the court could draw the inferences in his favor.

The duty to protect or warn when there is an imminent probability of harm "is merely a heightened degree of the 'foreseeability' of that harm."[21] It reflects the Court's strong reluctance to impose a duty to anticipate exactly "when, where, and how a criminal might attack."[22] Even a general background of prior criminal activity in the vicinity of a hotel is probably not enough, standing alone, to generate a duty to protect.[23] Only if a hotel owner was, or should have been, aware of a specific threat,[24] or of sufficiently similar[25] and recent[26] criminal assaults committed on his premises constituting an imminent probability of harm, would a hotel have such a duty to warn or protect its guests.

Taboada's motion for judgment, describing an absolutely horrific experience at the hands of Derrick Wakie Smith, states no facts from which the court might even infer that Daly Seven knew that Smith existed. Nor are there any factual assertions from which I can draw an inference that Daly

---

[19] *See, e.g., Hines v. Garrett,* 131 Va. 125, 108 S.E. 690 (1921).

[20] *Wright,* 234 Va. at 533. The Court developed this rule by applying its historically higher "common carrier" duty in the business invitor/invitee context, thus signaling that this standard is appropriate for comparable special relationships, including that of innkeeper and guest.

[21] *Thompson,* 261 Va. at 130.

[22] *Wright,* 234 Va. at 531.

[23] *Id.; Yuzefovsky,* 261 Va. at 109.

[24] *See Thompson,* 261 Va. at 130.

[25] *See Rockingham,* 255 Va. at 222, 224.

[26] *See Yuzefovsky,* 261 Va. at 109-10.

Seven knew that there was any likelihood that guests were in imminent danger of assault.

Nor can Taboada construct a claim of breached duty from the fact that Daly Seven had, some time before Taboada was attacked, hired and disbanded a security force. "Duties imposed upon defendants and the violations of those duties are premised upon the objective concept of what a reasonably prudent person in the exercise of reasonable care would have done in similar circumstances. A defendant ordinarily cannot create duties to act merely by taking precautions not required of a reasonably prudent person exercising reasonable care in the absence of affirmative acts of negligence on his part in taking the precautions." [27] Imposing a duty under such circumstances would serve only to discourage others from taking similar precautions "to avoid being subjected to a liability which they otherwise would not have had." [28]

The court sustains defendant Daly Seven's demurrers, finding:

That Va. Code § 35.1-28(A) sets forth no duties applicable to a hotel's liability for personal injury and that the defendant's demurrer to the claim based upon violation of this Subsection is sustained, without leave to replead; and

That plaintiff Ryan Taboada has failed to state facts sufficient to support a common law claim upon which relief can be granted; and

That in order to state a viable claim, Taboada must set forth facts from which the court can at least infer that defendant Daly Seven should have foreseen the type of criminal activity of which Taboada was a victim, or was, or should have been, aware of a specific threat, or of sufficiently similar and recent criminal assaults committed on the hotel's property, or of sufficiently similar and recent criminal assaults committed at the Holiday Inn Express, constituting an imminent probability of harm.

If Taboada be so advised, he may file an amended motion for judgment within forty days of the date of this opinion letter. If he does not do so, the action will stand dismissed with prejudice.

---

[27] *Rockingham*, 255 Va. at 223 (citing *Hall v. Hall*, 240 Va. 360, 363, 397 S.E.2d 829 (1990), and W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* ∋ 56, at 378 (5th ed. 1984)).
[28] *Rockingham*, 255 Va. at 223.